UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON KRUSE,                                         Case No.

    Plaintiff,
vs.

SARASOTA COUNTY, Florida

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, JASON KRUSE, by and through his undersigned counsel, sues Defendant, SARASOTA COUNTY, and alleges as follows:

1. Plaintiff's action is an action for damages in excess of the jurisdictional minimum, exclusive of interest, costs, and attorneys' fees.

**THE PARTIES**

2. This is an action by the Plaintiff for damages for Defendant's violation of the Family and Medical Leave Act (the "FMLA"), violation of the Americans With Disabilities Act of 1990 [42 U.S.C. § 12112(a)], and for Defendant's discrimination and retaliation predicated on Plaintiff's disability in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (the "FCRA").

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Sarasota County, Florida.

4. Plaintiff was employed by Defendant, Sarasota County, a Florida Municipal Corporation, having a place of business at 1660 Ringling Boulevard, Sarasota, Sarasota County, Florida, 34236, where Plaintiff worked for Defendant at all times material hereto.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1331, as it involves federal questions regarding the deprivation of Plaintiff's rights under the Family Medical Leave Act of 1993 ("FMLA"), as amended, as well as Americans With Disabilities Act of 1990 [42 U.S.C. § 12112(a)] that prohibits discrimination against an employee based on their disability status. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred at the government offices of Sarasota County, located in this district.

## COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

7. Plaintiff has exhausted all pertinent administrative procedures and remedies.

8. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was duly filed with the Florida Commission on Human Relations.

9. The EEOC issued a Right to Sue letter on August 18, 2020.

10. Therefore Plaintiff has complied with and/or satisfied all conditions precedent prior to filing this claim against Defendant Sarasota County.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

11. Plaintiff was employed by Defendant as a mail courier beginning on or about November 1, 2012.

12. In late 2014 or early 2015, Plaintiff began experiencing debilitating headaches, nausea, and dizziness. He underwent medical evaluation and was diagnosed with Severe Recurring Migraines with dizziness, triggered by sunlight/bright lights.

13. At that time Plaintiff had been at the job for almost three years and possessed sufficient experience and skills, an adequate educational background, or the appropriate licenses for the job and could perform the essential functions of the job.

14. In October 2015, Plaintiff formally requested an accommodation pursuant to Sarasota County's Request For Reasonable Accommodation process to work primarily at the Sarasota County's Administration building located at 1660 Ringling Boulevard, Sarasota, Florida 34236 and to be placed on a specific route that was only 1 mile from the main office, allowing him time to get to a special needs room when symptoms would begin.

15. The Request For Reasonable Accommodation was granted and thereafter he was regarded as disabled.

16. The accommodation worked and remained in place for three and a half (3 ½) years while he continued to perform the essential functions of the job.

17. Then Plaintiff was given new, longer routes, and he was due to start the new routes on February 24, 2019, but they were placed on hold, and then to start on April 2019.

18. Plaintiff was still experiencing severe migraine headaches and needed his accommodations to continue.  Plaintiff spoke to his supervisor Karen Taylor and was told to reapply for an accommodation.

19. Plaintiff reapplied for accommodations on February 24, 2019, including a note signed by his doctor stating that the accommodation should continue.

20. On March 26, 2019 Plaintiff received notification from Defendant that he would no longer be receiving the accommodation, that he would be going to be working from the Sarasota County Operations Center ("BOB Building") instead of the Administrative building, and was informed he would be relocated to the BOB Building on April 15, 2019.

21. On April 12, 2019 Defendant stated it was assigning Plaintiff permanently to the BOB Building, but he would not have to rotate routes and he could take breaks as needed.

22. On April 15, 2019 Plaintiff appealed the decision to the Sarasota County Administrator in conformance with the Sarasota County Policies and Procedures and Fl. Stat. Sec. 112.042.

23. Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on April 25, 2019.

24. Plaintiff's assigned workspace in the BOB Building was located directly underneath a blue rotating light and a buzzer that went off three (3) to four (4) times a day.

25. To add insult to injury, since March, fellow employees began ostracizing and mocking him as lazy.

26. A meeting was conducted August 5, 2019 to discuss accommodations and it was brought up that Plaintiff's work space was directly underneath a blue flashing light and a loud buzzer that was going off up to five (5) times a day.

27. Plaintiff requested a move to an empty cubical space in the same area and asked that partitions be erected to eliminate the light and noise to accommodate his disability.

28. On September 30, 2019 Plaintiff returned to work after being on medical leave for injuries sustained on the job, and he was informed that he would in fact be required to do the rotation, would not be allowed to take breaks as needed, and his workspace remained the same. His disabling conditions got worse, and the stress of the increased migraines caused anxiety and gastrointestinal issues.

29. The Defendant's Position Statement submitted to the EEOC in response to Plaintiff's Charge indicated there would be no change in the Defendant's decision not to grant Plaintiff's requested accommodation.

30. Plaintiff continued to work in pain with consistent severe migraine headaches through the end of November 2019, when he was taken off routes and told to sit and process mail while a new employee was trained to do his routes.

31. Plaintiff was laid off on February 2, 2020, less than nine (9) months short of being vested.

32. Plaintiff's termination was due to Defendant's discrimination predicated on Plaintiff's disability, and in retaliation for Plaintiff's repeated requests for disability accommodations and Charge with the EEOC.

33. Any explanation proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination and retaliation.

34. On August 2020 Plaintiff received "Right to Sue" Letter from the EEOC.

## COUNT I

**VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990: DISCRIMINATION BASED ON DISABILITY, 42 U.S.C. § 12112**

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 34 of this Complaint as if set out in full herein.

36. The Plaintiff was a qualified individual for the position.

37. At all times material hereto Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

38. At all times material hereto, including the time of discrimination, Defendant was aware of Plaintiff's disabilities, which were well documented and not in dispute.

39. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title I of the Americans With Disabilities Act of 1990.

40. At all times material hereto, the Employer/Defendant failed to comply with the Americans With Disabilities Act of 1990 [42 U.S.C. § 12112(a)], which states, "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

41. A "disability" under the ADA, is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." [42 U.S.C.S. § 12101et seq.]

42. Plaintiff suffers from physical impairments, including, but not limited to, severe migraine headaches, dizziness, back pain and sensitivity to light, which substantially limit one or more of Plaintiff's major life activities; there is a record of such impairments; and/or Plaintiff is regarded as having such impairments.

43. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's physical impairments.

44. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's disabilities.

45. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his disability in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

46. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination and retaliation against Plaintiff, because of his disability, in violation of the Act.

47. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

48. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's disability.

49. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their disability. The discrimination on the basis of disability constitutes unlawful discrimination.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Declare that Defendant as violated 42 U.S.C. § 12112;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay

  e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### Discrimination Based on Disability in Violation of the Florida Civil Rights Act Fla. Stat. § 760.01 et seq.

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this Complaint as if set out in full herein.

51. Plaintiff has a physical disability that substantially limits one or more major activities and is thus a member of a protected class under the Florida Civil Rights Act, Fla Stat. § 760.01 et seq. ("FCRA").

52. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

53. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

54. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

55. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

56. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

57. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

62. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state

and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

g. Adjudge and decree that Defendant violated the FCRA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

WHEREFORE, Plaintiff, JASON KRUSE, demands judgment for damages in excess of the Court's jurisdictional minimums, as well as attorneys' fees and costs, as allowed by law, and post-judgment interest as allowed by law, and demands trial by jury of all issues so triable.

DATED this 16th day of November, 2020.

                                              Respectfully Submitted,

                                              _s/Louise R. Caro_____
                                              **LOUISE R. CARO, Esq.**
                                              Napoli Shkolnik PLLC
                                              1000 5th Street, Suite 200-Z7
                                              Miami Beach, Florida 33139
                                              Tel: (212) 397-1000
                                              Fax: (646) 843-7603
                                              Email: lcaro@napolilaw.com
                                              Florida Bar No. 0633380