## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JASON KRUSE,**

    **Plaintiff,**

v.                                 **Case No. 8:20-cv-02685-MSS-AAS**

**SARASOTA COUNTY,**

    **Defendant.**

_____/

## **ORDER**

Plaintiff Jason Kruse moves to compel Defendant Sarasota County to provide adequate discovery responses. (Doc. 38). Sarasota County opposes the motion. (Doc. 40).

### I.  BACKGROUND

Mr. Kruse brought this action for employment discrimination and retaliation against his former employer, Sarasota County. (Doc. 1). On March 7, 2022, Mr. Kruse propounded his First Set of Interrogatories, Request for Production of Documents, and Notice of Depositions on Sarasota County. On June 13, 2022, Mr. Kruse moved to compel Sarasota County to respond to his discovery requests. (Doc. 22). The court granted Mr. Kruse's motion and directed Sarasota County to respond to Mr. Kruse's discovery requests by July 5, 2022. (Doc. 24).

1

In compliance with a prior order compelling the responses, Sarasota County served its responses to Mr. Kruse's discovery requests. (*See* Doc. 38, Exs. A, B). On July 20, 2022, Mr. Kruse sent a letter to Sarasota County addressing the discovery responses and requesting a telephonic conference. (Doc. 38, Ex. C). On August 2, 2022, Mr. Kruse sent a follow up email to Sarasota County and received an automatic reply stating the email address was disabled. An employee for Sarasota County advised Mr. Kruse there would be another attorney assigned to this action in September – over a month from the inquiry.

On September 12, 2022, Mr. Kruse sent a Sarasota County another letter addressing its discovery deficiencies. (Doc. 38, Ex. D). On September 21, 2022, the parties conferred, and Mr. Kruse reiterated Sarasota County's discovery deficiencies. On September 23, 2022, Mr. Kruse again sent a letter to Sarasota County advising of its discovery deficiencies. (Doc. 38, Ex. E).

Mr. Kruse now moves to compel Sarasota County to produce adequate discovery responses. (Doc. 38). Sarasota County opposes the motion on the purported basis that it fails to properly identify the discovery deficiencies. (Doc. 40).

**II.   ANALYSIS**

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed.

R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

Despite Sarasota County's argument to the contrary, Mr. Kruse's counsel thoroughly outlined the discovery deficiencies in several letters attached to the motion. (*See* Doc. 38, Exs. C, D, E). The deficiencies outline in the July 20, 2022 letter to Sarasota County adequately addresses Sarasota County's deficient responses to interrogatory nos. 1-6, 9, 10, 12-16, 20, 22, 24, and 25. (*See* Doc. 38, Ex. C). In addition, Mr. Kruse request that Sarasota County produce all documents related to Sarasota County's reorganization is relevant and proportional to Mr. Kruse's claims and Sarasota County's defense of reorganization as a basis for Mr. Kruse's termination. Thus, Mr. Kruse's motion to compel is due to be granted.

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

(1)   Mr. Kruse's motion to compel (Doc. 38) is **GRANTED**. Sarasota County must provide amended responses for interrogatory nos. 1-6, 9, 10, 12-16, 20, 22, 24, and 25. Sarasota County must also provide all documents and communications related to Sarasota County's reorganization of the Communication and General Services Department. Sarasota County's amended interrogatory responses and responsive documents are due by **November 17, 2022**.

(2)   Under Rule 37(b)(2)(C), Fed. R. Civ. P., Sarasota County must pay Mr. Kruse's reasonable expenses, including attorney's fees, incurred in bringing this motion to compel. The parties are directed to confer about a reasonable fee amount. If the parties cannot resolve the issue, Mr. Kruse may move for a specific fee award and supply supporting documentation.

**ENTERED** in Tampa, Florida on November 3, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge